<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000016
05-SEP-2018
12:22 PM**</span>

NO. CAAP-18-0000016

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

REBECCA W. PICKETT,
Claimant-Appellant/Appellee,
v.
STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION,
Employer-Appellee, Self-Insured/Appellant,
and
STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION KAUAI DISTRICT,
Adjuster-Appellee/Appellant.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB2015-251(K) (DCD No. 4-14-10061))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICITON
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Employer-Appellee, Self-Insured/ Appellant State of Hawaiʻi, Department of Education's (**Appellant**'s) appeal from an December 12, 2017 Decision and Order by the Labor and Industrial Relations Appeals Board (**LIRAB**) because the Decision and Order does not qualify as an appealable, final order under Hawaii Revised Statutes (**HRS**) §§ 386-88 (2015) and 91-14 (2012 & Supp. 2017).

While HRS § 386-88 authorizes an appeal from a LIRAB final order directly to this court, HRS § 91-14(a) governs the appealability requirements for any LIRAB order.

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr., 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted). "[A]n order that finally adjudicates a benefit or penalty under the workers' compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). For example, "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of permanent disability has been left for later determination." Bocalbos, 89 Hawai'i at 443, 974 P.2d at 1033.

In contrast, when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite degree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State, Dep't. of Educ., 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation omitted). For example, in Mitchell, Mitchell asserted a claim for workers' compensation benefits for an injury that occurred on November 1, 1989. When Mitchell's claim was before the LIRAB, the LIRAB determined that Mitchell suffered an injury on November 1, 1989 and February 5, 1990 and that first incident was compensable and the second one was not compensable. Id. at 307, 884 P.2d at 370. As to the first incident, the LIRAB "remanded [the matter to the Director] for a determination as to what workers' compensation benefits, if any, Mitchell is entitled for the first incident period between November 1, 1989 through February 5, 1990." Id. (internal quotation marks and original brackets omitted).

When Mitchell appealed from the LIRAB's decision to the Supreme Court of Hawai'i, the supreme court held that the LIRAB's decision lacked the requisite degree of finality for an appeal

because Mitchell's compensation benefits for the first incident remained undetermined:

> In the case before us, there was no final decision with respect to Mitchell's compensation benefits for the first incident, which occurred on November 1, 1989. As stated previously, the Board determined the first incident to be compensable and reversed the Director's decision, remanding the case for a "determination as to what worker's compensation benefits, if any, [Mitchell was] entitled for the period between November 1, 1989 through February 5, 1990." Such determination has not been made; therefore, the requisite degree of finality is lacking with respect to this case.

Id. at 307-08, 884 P.2d at 370-71 (citation omitted; brackets in original). The supreme court held that the case would "be ripe for judicial review only after the Director ma[de] a determination as to the amount of compensation owed, if any" for the first incident. Id. at 308, 884 P.2d at 371. The supreme court concluded that it lacked appellate jurisdiction to consider the merits of the appeal, and dismissed the appeal. Id. See also Williams v. Kleenco, 2 Haw. App. 219, 629 P.2d 125 (1981) (dismissing an appeal from a LIRAB decision and order remanding the matter to the director of workmen's compensation with instructions to determine the amount of the award, because such a decision and order is not final and appealable.).

In the instant case, in the December 12, 2017 Decision and Order, the LIRAB reversed the Decision of the Director of the Department of Labor and Industrial Relations, in which the Director denied Claimant-Appellant/Appellee Rebecca W. Pickett's (**Appellee**) claim based on a determination that Appellee did not suffer an injury arising out of and in the course of her employment, on August 4, 2014. We infer from the Decision and Order that the matter was implicitly remanded to the Director for a determination regarding the amount of compensation owed to Appellee. Without a final determination of the compensation for the injury, the Decision and Order does not qualify as an appealable final order under HRS § 386-88. Absent an appealable final order, this court lacks appellate jurisdiction, and the appeal is premature.

Therefore, IT IS HEREBY ORDERED that the appeal in case number CAAP-18-0000016 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, September 5, 2018.

Presiding Judge

Associate Judge

Associate Judge